# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 13-0325** (Wood County 10-JD-30)

**T.M.,**
**Defendant Below, Petitioner**

**FILED**

December 2, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner T.M., by counsel Jessica Myers, appeals the order of the Circuit Court of Wood County, entered March 1, 2013, committing him to an industrial home for youth or a correctional institution for children.[1] The State appears by counsel Laura Young.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner admitted to committing several offenses, including breaking and entering, destruction of property, and petit larceny, in 2010, when he was about fifteen years old. He was adjudicated a juvenile delinquent and placed in the custody of the Division of Juvenile Services. Thereafter, prior to the dispositional hearing, petitioner had placements in several state facilities and programs, with little or no apparent success. Pursuant to a dispositional order entered on February 15, 2011, petitioner was sent to the Natchez Trace Facility in Tennessee, and placed on probation until the age of nineteen.[2]

---

[1] In keeping with the Court's policy of protecting the identity of minors, petitioner will be referred to by his initials or simply as "petitioner" throughout this memorandum decision.

[2] We find it unnecessary in evaluating the petition before us to detail petitioner's troubled history. Nevertheless, we include this brief summary of treatment prepared by the juvenile probation officer immediately prior to final disposition:

> [T.M.] has a history of noncompliance with treatment and an unwillingness to follow rules placed upon him. He was unsuccessfully discharged from the diagnostic unit at the Industrial Home for Youth in 2010, completed a diagnostic evaluation at the Kuhn Center in January 2011, (during which he exhibited many of the same behaviors he exhibits now) which concluded with a

1

Petitioner successfully completed the Natchez Trace program and returned home. However, upon returning home, petitioner violated the terms and conditions of his probation by failing to meet with his probation officer on five scheduled occasions, incurring fifteen full-day school absences and eighteen partial day absences before the end of October in the 2012-13 academic year, failing to meet court-ordered curfew on five occasions, failing to comply with the policies and procedures of the Youth Report Center, and assaulting a student on school grounds. His juvenile probation officer presented the circuit court with a motion to conduct a review proceeding and review the dispositional order.

The hearing on that motion was conducted in February of 2013. Prior to the hearing, a multi-disciplinary team meeting was conducted, and the team recommended that petitioner undergo intensive residential treatment with a goal of reunification with his parents. However, the team reported that petitioner's "adamant decision to be placed in Salem [would] be a barrier for residential treatment." In fact, team members convinced petitioner to consider a residential program "after much cajoling," even though petitioner repeatedly said he wished to "serve his time at Salem" and he "want[ed] to serve [his] time and f—k it." Petitioner's juvenile probation officer ultimately reported to the circuit court: "It is with reservation that this officer recommends [T.M.] be given one last chance at a treatment facility."

The circuit court entered an order on March 1, 2013, finding that "there is no less restrictive alternative which would accomplish [petitioner's] requisite rehabilitative need other than commitment to a secure facility such as an industrial home or correctional institution for children." On appeal, petitioner presents a single assignment of error: he argues that the circuit court abused its discretion in sentencing him to the Industrial Home for Youth. We have explained:

> [T]he standard of review with regard to a circuit court's sentencing order or disposition under W.Va.Code, 49–5–13 (2002), is whether the circuit court's ruling constitutes an abuse of discretion. *State v. Kirk N.*, 214 W.Va. 730, 741, 591 S.E.2d 288, 299 (2003), quoting *State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 471, 269 S.E.2d 401, 416 (1980), ("discretionary" rulings of circuit courts at the dispositional stage in juvenile cases "should only be reversed where they are not supported by the evidence or are wrong as a matter of law"); *In the Interest of Thomas L.*, 204 W.Va. 501, 504, 513 S.E.2d 908, 911 (1998), (disposition in juvenile case held to be within the circuit court's "sound discretion"); *State ex rel.*

recommendation for a Level IV placement[. He] successfully completed a residential treatment program at Natchez Trace despite having numerous behavioral problems and having his discharge delayed, and recently completed a diagnostic assessment at the Kuhn Center in January [of] 2013 that concludes again with a recommendation of treatment in a Level IV facility, such as the Industrial Home for Youth. [T.M.] was unsuccessfully discharged for the DJS Youth Report Center in February [of] 2012 for "noncompliance with [Wood County Youth Report Center] policies and procedures." In addition, [T.M.] is not compliant with directions from this officer and was difficult to supervise in community.

2

> *Department of Health and Human Resources v. Frazier*, 198 W.Va. 678, 683, 482 S.E.2d 663, 668 (1996), (circuit courts are "vested with discretion to select the appropriate disposition for a particular juvenile").

*State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005).

Petitioner argues that he was accepted into a treatment facility that offered a less-restrictive alternative, and that he had shown recent behavioral improvement and willingness to cooperate with treatment. However, events in the time period immediately preceding the dispositional hearing revealed that petitioner likely would have been a reluctant participant in treatment. Prior to disposition, petitioner repeatedly told his juvenile probation officer that he wanted to "serve his time at Salem." Petitioner's history of non-compliant behavior, coupled with his stated unwillingness to engage, provided adequate basis for the circuit court's decision, and we find no abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 2, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3